Ives v. House

JUDSON DUNBAR IVES, by His Next Friend, DWIGHT H. IVES v.
VIRGINIA IVES HOUSE and RONALD RAYMOND HOUSE

No. 7020SC438

(Filed 16 September 1970)

**Insane Persons § 2— appointment of next friend — necessity for notice to
plaintiff and hearing on competency**

> The trial court properly revoked an order by the clerk of court
> appointing a next friend to bring an action on behalf of an alleged
> mental incompetent, and properly dismissed the action filed by the next
> friend on plaintiff's behalf, where plaintiff had not previously been ad-
> judicated incompetent to manage his affairs, plaintiff was given no
> notice of the petition for appointment of a next friend, no hearing
> was held to determine plaintiff's competency, and no emergency was
> shown to exist.

APPEAL from *Ragsdale, S.J.*, 9 March 1970, Civil (A) Ses-
sion of MOORE Superior Court.

Dwight H. Ives (Dwight) filed a petition on 14 August
1969 with the Clerk of Superior Court alleging that Judson
Dunbar Ives was mentally incompetent due to want of under-
standing because of old age and disease; that defendants have
exerted undue influence over him in that they have coerced him
to deed two parcels of land to them and to turn certain stock
over to them when he did not have the mental capacity to do so.
Dwight asked that he be appointed a next friend for Judson
Dunbar Ives to bring an action on his behalf to recover the prop-
erty. On that same date the Clerk of Superior Court issued an
order appointing Dwight as next friend, and he filed a complaint
against the defendants to recover the property and to appoint
a trustee for Judson Dunbar Ives. No notice was given Judson
Dunbar Ives regarding the petition for the appointment of a
next friend nor was a hearing ever held regarding the incom-
petency of Judson Dunbar Ives. A Notice of *Lis Pendens* was
also filed against the land in question on 14 August 1969.

On 2 October 1969 Judson Dunbar Ives filed a motion,
verified by him on 25 September 1969, to revoke the appointment
of the next friend alleging that he was not incompetent and
that the petition for appointment was filed without his consent
or knowledge. On 6 October 1969 defendants filed a demurrer to
the complaint.

On 17 March 1970, the trial judge entered a judgment quashing the order appointing Dwight as next friend and dismissing the action. The judgment recited that the matter was heard in open court and after a full hearing the court found that no notice was ever given Judson Dunbar Ives and that no hearing was ever held regarding the appointment of plaintiff, and that no evidence was ever presented before him indicating that Judson Dunbar Ives is incompetent.

Plaintiff excepted to the signing and entry of the judgment and appeals to this Court.

*Boyette and Boyette by Mosley G. Boyette, Jr., for plaintiff appellant.*

*Page, Neville and Monroe by Robert N. Page III for defendants appellees.*

CAMPBELL, J.

The proceedings in this case began before the New Rules of Civil Procedure became effective; therefore it must be decided under the old statutes. Old G.S. 1-64 provided only that incompetents must be represented by a guardian or next friend, but made no mention of the procedure to be followed in appointing one. Old G.S. 1-65 spoke only of guardians *ad litem* and authorized the appointment of one for infants, idiots, incompetents, etc. but it also made no mention of procedure to be followed. The only stated procedure for the appointment of a next friend appeared in Superior Court Rule 16 and simply said that where it is proposed that infants shall sue by their next friend, the court shall appoint such next friend upon the written application of a reputable, disinterested person closely connected with such infant. No procedure was ever incorporated into the statutes regarding notice of a hearing. But the Supreme Court of North Carolina, in a similar case, has adopted a requirement of notice and a hearing. In *Hagins v. Redevelopment Comm.*, 275 N.C. 90, 165 S.E. 2d 490, the Court said: ". . . It is clear, therefore, that when a party's lack of mental capacity is asserted and denied—and he has not previously been adjudicated incompetent to manage his affairs—he is entitled to notice and an opportunity to be heard before the judge can appoint either a next friend or a guardian *ad litem* for him. . . ." Here, no notice was ever given, nor was there a hearing to determine whether Judson Dunbar Ives was in fact incompetent. No emergency was shown to exist

and, even though opportunity was presented, no evidence was offered at the hearing before the judge to show that he was in fact incompetent.

The trial judge was correct in revoking the order appointing plaintiff as next friend and entering judgment for the defendants.

For the reasons stated, in the trial below there was

No Error.

BRITT and VAUGHN, JJ., concur.